UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Carrie Donoghue,<br><br>     Plaintiff,<br> v.<br><br>Lexington Law Firm; and DOES 1-10, inclusive,<br><br>     Defendants. | Civil Action No.: 1:14-cv-2060<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Carrie Donoghue, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Carrie Donoghue ("Plaintiff"), is an adult individual residing in Rushville, Indiana, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Lexington Law Firm ("Lexington"), is an Utah business entity with an address of 360 North Cutler Drive, Salt Lake City, Utah 84054, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Lexington and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Lexington at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Lexington contacted Plaintiff in an attempt to solicit to Plaintiff its services.

8. At all times referenced herein, Lexington placed calls and texts to Plaintiff's cellular telephone, number 765-xxx-5387, by using an automated telephone dialer system ("ATDS" or "predictive dialer").

9. When Plaintiff answered calls from Lexington, she was met with a period of silence before being connected to the next available representative.

10. During a live conversation in or around October, 2014, with Lexington, Plaintiff requested that all communication to her cellular telephone cease.

11. Furthermore, Plaintiff also followed a text message prompt she received on her cellular telephone from Lexington, and texted "STOP" to Lexington to cease all communication to her cellular telephone number.

12. Despite the foregoing, Lexington continued to call and text Plaintiff at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *ET SEQ.*

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last year, Lexington called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a representative will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16.     Lexington's telephone systems have some earmarks of a Predictive Dialer.

17.     When Plaintiff answered the phone, she was met with a period of silence before Lexington's telephone system would connect her to the next available representative.

18.     Lexington's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.     Lexington continued calling Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number. As such, each call placed to

Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Lexington was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Lexington to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**JURY TRIAL DEMANDED ON ALL COUNTS**

Dated: December 17, 2014

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L Cueller, Esq., #15052-49
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff